EUGENE G. IREDALE
CA State Bar #75292
105 West F Street, Fourth Floor
San Diego, California 92101
Tel: (619) 233-1525
Fax: (619) 233-3221

HOSEY & BAHRAMBEYGUI
Attorneys at Law
Patrick L. Hosey (164104)
Sherry S. Bahrambeygui (16330)
550 West C Street, Suite 2050
San Diego, CA 92101
Tel: (619) 231-0500
Fax: (619) 238-1097

Attorney for Defendant
DAVID GENZLER

FILED

06 SEP -8 PM 4:01

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA
(Hon. Larry A. Burns)

| | |
|---|---|
| DAVID GENZLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GREGORY THOMPSON, an individual; JAMES PIPPEN, an individual; PAUL PFINGST, an individual; COUNTY OF SAN DIEGO, a government entity,<br><br>　　　　Defendants. | No. 01-CV-1462-LAB (RBB)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 12 |

I
LONGANBACH'S 2002 CONVICTION FOR GRAND THEFT IS ADMISSIBLE UNDER RULE OF THE FEDERAL RULES OF EVIDENCE

Defendants argue in this motion that because Longanbach obtained relief under § 1203.4 of the California Penal Code, he may not be impeached at trial with his grand theft conviction. Defendants' argument is premised upon its position that the action under § 1203.4 is the equivalent of a "pardon, annulment, certificate of rehabilitation, or other equivalent procedure

1

1  based on a finding of rehabilitation..." The defendants are wrong. § 609(c) does not apply here
2  because Longanbach's obtaining of relief under § 1203.4 has not been the subject of a pardon,
3  annulment, or certificate of rehabilitation. Further, § 1203.4 procedure is not based upon a
4  finding of rehabilitation of the person convicted.
5       § 1203.4 also provides as follows: "However, in any subsequent prosecution of the
6  defendant for any other offense, the prior conviction may be pleaded and proved and shall have
7  the same effect as if the probation had not been granted or the accusation or information had not
8  been dismissed. The order shall state, and the probationer shall be informed, that the order does
9  not relieve him or her of the obligation to disclose the conviction in response to any direct
10 question contained in any questionnaire or application for public office, for licensure by any state
11 or local agency, or for contracting with the California state lottery. Dismissal of an accusation or
12 information pursuant to this section does not permit a person to own, possess, or have in his or
13 her custody or control any firearm capable of being concealed upon a person or prevent his or her
14 conviction under § 12021. "Significantly, for purposes of Federal firearms laws, a granting a
15 relief under § 1203.4 does not permit a person to possess a firearm if previously convicted of a
16 felony."
17      A felony set aside under § 1203.4 is not the subject of a pardon. Nor is it the subject of
18 an annulment. It is not the equivalent of a granting of a certificate of rehabilitation. § 1203.4
19 makes explicit that the certificate of rehabilitation is a statutory procedure that is independent of
20 § 1203.4. California Penal Code § 4852.01 describes the certificate of rehabilitation, which is a
21 document resulting from a process completely different from § 1203.4. § 4852.03 sets forth the
22 period of rehabilitation required for eligibility for a certificate of rehabilitation. § 4852.12 makes
23 clear that the granting of § 1203.5 relief is a prerequisite to the granting of a certificate of
24 rehabilitation. § 4852.13(a) provides for the Court to grant a certificate of rehabilitation and a
25 recommendation that the governor grant a full pardon to the petitioner for the certificate of
26 rehabilitation. The order filed with the Clerk of the Court by a court taking favorable action on
27
28                                              2

such an application "shall be known as a certificate of rehabilitation." Thus, it is quite clear that under California law, the granting of the motion under § 1203.4 is neither a pardon, an annulment, certificate of rehabilitation, nor the equivalent of a certificate of rehabilitation. Consequently the provisions of § 609(c) of the Federal Rules of Evidence do not apply. Of note is the failure of defendants to cite any 9th Circuit case holding that § 1203.4 procedure precludes use of a conviction for impeachment under Rule 609. The citation of a District Court decision almost 90 years ago which applied to a different statute is hardly convincing citation to authority. This motion should be denied.

Respectfully submitted,

Dated: 8 Sept, 2006

Eugene G. Iredale
Attorney for Plaintiff
David Genzler

Dated: 8 Sept, 2006

Patrick L. Hosey
Attorney for Plaintiff
David Genzler

3